## MOUNT GRAHAM COALITION; Maricopa Audubon Society, Plaintiffs–Appellants,

v.

## U.S. FOREST SERVICE; Michael Espy, Secretary of the Department of Agriculture, Defendants–Appellees,

University of Arizona Board of Regents, Defendant–Intervenor–Appellee.

No. 96–16240.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1997.

Decided March 7, 1997.

Thomas M. Thompson, William Poorten, Tucson, Arizona, David C. Todd, Patton, Boggs & Blow, Washington, D.C., for defendant-intervenor-appellee University of Arizona.

Lois J. Schiffer, James C. Kilbourne, Charles R. Shockey, M. Alice Thurston, Mark R. Haag, United States Department of Justice, Washington, D.C., for federal defendants-appellees.

Matt Kenna, Geoff Hickcox, Kenna & Associates, Durango, Colorado, for plaintiffs-appellants.

Before: BOOCHEVER, KOZINSKI, and JOHN T. NOONAN, Jr., Circuit Judges.

### ORDER

The Mount Graham Coalition, et al., appeal the denial of the district court of a request for a preliminary injunction preventing further work on the international observatory on Mount Graham until the United States Forest Service re-initiates consultation with the United States Fish and Wildlife Service. The appeal is the seventh appeal in this case to be decided by the court.[1]

The appellants' only significant contention is that the taking of squirrels as a result of forest fire fighting operations on Mount Graham should trigger the need to re-initiate

---

1. *See Mt. Graham Red Squirrel v. Yeutter*, 930 F.2d 703 (9th Cir.1991) (*"Red Squirrel I"*); *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441 (9th Cir.1992) (*"Red Squirrel II"*); *Mt. Graham Red Squirrel v. Espy*, 986 F.2d 1568 (9th Cir. 1993) (*"Red Squirrel III"*); *Apache Survival Co-* *alition v. United States*, 21 F.3d 895 (9th Cir. 1994) (*"Red Squirrel IV"*); *Mount Graham Coalition v. Thomas*, 53 F.3d 970 (9th Cir.1995) (*"Red Squirrel V"*); *Mount Graham Coalition v. Thomas*, 89 F.3d 554 (9th Cir.1996) (*"Red Squirrel VI"*).

consultation. We have already stated that "completely new or unanticipated developments, such as the occurrence of a major forest fire" would not trigger the need for reconsultation. *Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1459 (9th Cir.1992). In a matter dependent on the relevant statutes the appellants appear not to recognize the will of Congress and that this court has anticipated their current objection and answered it. We AFFIRM the district court.

